**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NATIONAL WHISTLEBLOWER CENTER,** *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No.  10-2120 (JEB)** |
| **DEPARTMENT OF HEALTH AND HUMAN SERVICES,** *et al.*, | |
| **Defendants.** | |

**MEMORANDUM OPINION**

This represents the latest phase in the Freedom of Information Act battle between

Plaintiffs – the National Whistleblower Center and six current and former employees of the

Department of Health and Human Services – and Defendant HHS about access to records

relating to the individuals' employment with that Agency.  See, e.g., Nat'l Whistleblower Ctr. v.

Dep't of Health and Human Servs., 849 F. Supp. 2d 13 (D.D.C. 2012); Nat'l Whistleblower Ctr.

v. Dep't of Health and Human Servs., 839 F. Supp. 2d 40 (D.D.C. 2012).  In this installment,

HHS moves for partial summary judgment regarding a subset of documents withheld or redacted

by HHS's Office of General Counsel (OGC) in response to Plaintiffs' FOIA requests.  Defendant

argues that the challenged records were properly withheld or redacted to protect: confidential

commercial or financial information (FOIA Exemption 4), inter-agency or intra-agency records

that would not be available by law to a party in litigation with the Agency (Exemption 5), and

files that would constitute an unwarranted invasion of personal privacy if disclosed (Exemption

6).

1

Plaintiffs concentrate their fire on the Exemption 5 withholdings, arguing that HHS OGC cannot invoke this exemption where there is evidence of government misconduct.  This Court determined that Plaintiffs had provided the requisite factual basis of such misconduct and ordered *in camera* review of the challenged documents to determine whether withholding was appropriate.  Having now reviewed them, the Court finds that the documents in question do not reflect the sort of governmental impropriety necessary to defeat the legal privileges invoked by Defendant and were thus properly withheld or redacted under Exemption 5.  As such, the Court will grant Defendant's Motion for Partial Summary Judgment.

I.     **Background**

Plaintiffs Ewa Czerska, Paul Hardy, Julian Nicholas, Robert Smith, R. Lakshmi Vishnuvajjala, and Nancy Wersto commenced this litigation in 2010 to obtain records from HHS pertaining to their complaints about misconduct by the Federal Drug Administration and HHS in the improper approval of medical devices and HHS's retaliation against them for raising these whistleblower complaints.  Between July 26 and November 16, 2010, all individual Plaintiffs, in concert with the National Whistleblower Center, submitted separate requests under FOIA, 5 U.S.C. § 552, *et seq*., and the Privacy Act, 5 U.S.C. § 552a, *et seq*., for various records pertaining to their employment with HHS.  See Sec. Am. Compl., ¶¶ 17, 51, 64, 102, 155, 168; Def.'s Mot., Declaration of Robert Eckert, ¶¶ 5-9.  Different agency components treated the requests differently.  The HHS OGC records at issue in this Motion were processed by the Freedom of Information/Privacy Acts Division under the supervision of Director Robert Eckert. See Eckert Decl., ¶¶ 1, 5.

Responding to each request, HHS released some documents in full, partially redacted some documents, and withheld other documents in their entirety pursuant to specified FOIA

exemptions.  See id., ¶¶ 11-17.  Between February 2011 and April 2011, HHS released 2,710

pages in full or with redactions and withheld 1,008 pages in response to the Smith request.  See

id.  In May 2011, it released 567 pages in full or with redactions and withheld 247 pages in

response to the Czerska request.  See id., ¶ 12.  That same month, an additional 329 pages were

released in full or with redactions and 129 pages were withheld in response to the Nicholas

request.  See id., ¶ 13.  And in March and April 2011, 437 pages were released in full or with

redactions and 50 pages were withheld in response to the National Whistleblower Center request.

See id., ¶ 15.

　　　The withholdings and redactions at issue in this Motion rely upon FOIA Exemptions 4, 5,

and 6.  See id., ¶¶ 16-31.  The records withheld pursuant to Exemption 4 contain "names and

product identifying information of devices and the names and contact information of device

manufacturers" submitted to the FDA to request approval to market.  Id., ¶ 20.  Exemption 5 was

invoked to protect documents subject to the deliberative-process privilege, the attorney-client

privilege, and the attorney work-product doctrine.  See id., ¶¶ 21-27.  Finally, Exemption 6 was

asserted to protect identifying information about particular individuals, ranging from phone

numbers to personal opinions or criticisms of co-workers of the individual plaintiffs.  See id.,

¶ 29.

　　　The Agency maintains that "all reasonably segregable, non-exempt information has been

released."  Id., ¶ 32.  Documents withheld in their entirety

> consisted primarily of (1) drafts of documents before they were
> finalized; (2) OGC-generated documents to assist agency attorneys
> in preparing for litigation with the individual plaintiffs; and (3)
> internal FDA documents concerning pending device reviews of
> manufacturers' devices or FDA's subcontractor's
> recommendations to FDA about the alleged hostile work
> environment at CDRH.

Id.  In withholding these documents, the Agency determined that "there was no reasonably

segregable material or non-exempt information amounted to essentially meaningless words and

phrases."  Id.

Defendant moved for partial summary judgment pertaining to the OGC documents on

May 9, 2012.  See ECF No. 91.  Plaintiffs opposed Defendant's Motion and cross-moved for

discovery pursuant to Rule 56(d), seeking additional information to support their challenge to the

Agency's Exemption 5 withholdings under the government-misconduct exception.  See ECF No.

108.  These matters are now ripe for decision.

## II.    Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v.

Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  "A party asserting that a fact cannot be or is

genuinely disputed must support the assertion by citing to particular parts of materials in the

record."  Fed. R. Civ. P. 56(c)(1)(A).  The moving party bears the burden of demonstrating the

absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party" on an element of the claim.  Liberty Lobby, Inc., 477 U.S. at

248.  Factual assertions in the moving party's affidavits or declarations may be accepted as true

unless the opposing party submits his own affidavits, declarations, or documentary evidence to

the contrary.  Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

FOIA cases typically and appropriately are decided on motions for summary judgment.

Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v.

United States Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007).  In a FOIA case, the

Court may grant summary judgment based solely on information provided in an agency's

affidavits or declarations when they describe "the documents and the justifications for

nondisclosure with reasonably specific detail, demonstrate that the information withheld

logically falls within the claimed exemption, and are not controverted by either contrary

evidence in the record nor by evidence of agency bad faith."  Military Audit Project v. Casey,

656 F.2d 724, 738 (D.C. Cir. 1981).  Such affidavits or declarations are accorded "a presumption

of good faith, which cannot be rebutted by 'purely speculative claims about the existence and

discoverability of other documents.'"  SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C.

Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)).

## III.    Analysis

Congress enacted FOIA in order to "pierce the veil of administrative secrecy and to open

agency action to the light of public scrutiny."  Dep't of Air Force v. Rose, 425 U.S. 352, 361

(1976) (quoting Rose v. Dep't of Air Force, 495 F.2d 261, 263 (2d Cir. 1974)) (internal

quotation marks omitted).  The statute provides that "each agency, upon any request for records

which (i) reasonably describes such records and (ii) is made in accordance with published

rules . . .  shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).

Consistent with this statutory mandate, federal courts have jurisdiction to order the production of

records that an agency improperly withholds.  See 5 U.S.C. § 552(a)(4)(B); DOJ v. Reporters

Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989).  "Unlike the review of other agency

action that must be upheld if supported by substantial evidence and not arbitrary and capricious,

the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district

courts to 'determine the matter de novo.'"  Reporters Comm., 489 U.S. at 755 (quoting 5 U.S.C.

§ 552(a)(4)(B)).  "At all times, courts must bear in mind that FOIA mandates a 'strong

presumption in favor of disclosure' . . . ."  Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26,

32 (D.C. Cir. 2002) (quoting U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991)).

Congress exempted nine categories of documents from FOIA's broad sweep.  "[T]he

statutory exemptions, which are exclusive, are to be 'narrowly construed.'"  Id. (quoting Dep't of

Air Force, 425 U.S. at 361).  This Motion turns on the application of Exemptions 4, 5, and 6.

Exemption 4 protects matters that are "trade secrets and commercial or financial information

obtained from a person and privileged or confidential."  5 U.S.C. § 552(b)(4).  Exemption 5

protects records that would not be available by law to a party in litigation with the agency,

including documents protected by the deliberative-process privilege, the attorney-client

privilege, and the work-product doctrine.  5 U.S.C. § 552(b)(5).  Exemption 6 protects

"personnel and medical files and similar files the disclosure of which would constitute a clearly

unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).

As the parties have substantially narrowed their disputes over the particular exemptions,

the Court will address Exemptions 4 and 6 only briefly, focusing the bulk of its analysis on the

documents withheld pursuant to Exemption 5.

A.  FOIA Exemptions

 1.  *Exemption 4*

As just stated, Exemption 4 covers matters that are "trade secrets and commercial or

financial information obtained from a person and privileged or confidential."  5 U.S.C.

§ 552(b)(4).  The records withheld by HHS OGC pursuant to this exemption include "names and

product identifying information of devices and the names and contact information of device

manufacturers where pre-market approval (PMA) applications or 510(k) notifications were

required to be submitted to FDA by device manufacturers before the manufacturers marketed the

devices." Def.'s Mot. at 6-7 (citing Eckert Decl., ¶ 20). In their Opposition, Plaintiffs abandon

any challenges based on Exemption 4, thus obviating any need for further discussion. See Pls.'

Mot. at 4; Hopkins v. Women's Div., Gen. Bd. Of Global Ministries, 284 F. Supp. 2d 15, 25

(D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a

dispositive motion and addresses only certain arguments raised by the defendant, a court may

treat those arguments that the plaintiff failed to address as conceded.").

    2. *Exemption 6*

   Exemption 6 covers "personnel and medical files and similar files the disclosure of which

would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In

their Opposition, Plaintiffs challenge the withholding of only two documents under Exemption 6

– EC60-61 and JN456-57 – claiming that Defendant impermissibly applied the exemption to

protect personal opinions. See Pls.' Opp. at 23 (citing to Smith, Czerska, Nicholas, and Rumer

Declarations). In response, Defendant notes that both of these documents were also withheld

under Exemption 5, and, "in an effort to minimize legal issues for the Court, defendants will

limit their basis for withholding personal observations" in these two documents to Exemption 5.

Def.'s Reply at 18. As Defendant no longer asserts an Exemption 6 privilege over the two

documents, the Court can move directly to Exemption 5.

    3. *Exemption 5*

   The gravamen of this Motion, therefore, concerns the application of Exemption 5,

pursuant to which an agency need not disclose "inter-agency or intra-agency memorandums or

letters which would not be available by law to a party other than an agency in litigation with the

agency." 5 U.S.C. § 552(b)(5). Exemption 5 thus protects documents that would be unavailable

to an opposing party through discovery.  See United States v. Weber Aircraft Corp., 465 U.S.

792, 800 (1984); Martin v. Office of Special Counsel, 819 F.2d 1181, 1185 (D.C. Cir. 1987)

(Exemption 5 "unequivocally" incorporates "all civil discovery rules").  Documents that fall

within the attorney-client privilege, the attorney work-product doctrine, and the deliberative-

process privilege are exempt from disclosure.  See NLRB v. Sears, Roebuck & Co., 421 U.S.

132, 148-49 (1975); Coastal States Gas Corp. v. U.S. Dep't of Energy, 617 F.2d 854, 862 (D.C.

Cir. 1980).  Defendant's invocation of Exemption 5 here covers documents withheld pursuant to

each of these three privileges, although the lion's share of documents was withheld under the

deliberative-process privilege.  See Mot. at 9-15.

Instead of challenging the manner in which particular privileges were applied to

particular documents, Plaintiffs launch two broad attacks.  First, they argue that the Agency

cannot avail itself of the deliberative-process privilege (and thus Exemption 5) "when there is a

factual basis showing that government misconduct occurred."  Pls.' Opp. at 16-22; see also Pls.'

Reply at 1-9.  Second, they contend that the exemption does not apply to purely factual material

contained in the documents.  See Pls.' Opp. at 15-16.  The Court will address each challenge in

turn.

a.      Government-Misconduct Exception

Under the government-misconduct exception to the deliberative-process privilege,

"where there is reason to believe the documents sought may shed light on government

misconduct, the privilege is routinely denied, on the grounds that shielding internal government

deliberations in this context does not serve the public's interest in honest, effective government."

In re Sealed Case, 121 F.3d 729, 738 (D.C. Cir. 1997); see also Enviro Tech Intern., Inc. v. EPA,

371 F.3d 370, 376-77 (7th Cir. 2004) (collecting cases recognizing limits on agency's deliberative-process privilege where agency engages in wrongdoing).

Defendant nonetheless maintains that the government-misconduct exception is not available in FOIA cases.  See Def.'s Reply at 6-8, 10-13.  Even if such an exception did exist in these cases, it continues, "Plaintiffs have not provided a discrete factual basis suggesting that misconduct has occurred here," so as to warrant application of the exception.  Id. at 12-13 (internal quotation marks deleted).  Defendant's argument fails for both legal and factual reasons, which the Court will consider separately.

With respect to Defendant's legal argument, there is no authority supporting its contention that the government-misconduct exception cannot apply in FOIA cases.  Indeed, in the primary case upon which Defendant relies, In re Sealed Case, 121 F.3d 729, this Circuit did not even address the applicability of the exception to FOIA cases.  See id. at 737-38.  That case arose out of a grand jury investigation, and the court analyzed whether the deliberative-process privilege can be overcome by a sufficient showing of need, and, if so, what factors a court should consider in making such a determination.  See id.  In a footnote, the court clarified that this balancing of factors is not relevant in FOIA cases because the "particular purpose for which a FOIA plaintiff seeks information is not relevant in determining whether FOIA requires disclosure," but it made no mention of whether the government-misconduct exception applied in FOIA cases.  Id. at 738 n.5.[1]

Defendant, furthermore, ignores several decisions from this District that did consider the government-misconduct exception in the context of FOIA.  For example, in ICM Registry, LLC v. U.S. Dep't of Commerce, 538 F. Supp. 2d 130 (D.D.C. 2008), Judge James Robertson

---

[1]The balancing of factors described in In re Sealed Case, however, may possibly be invoked by Plaintiffs in discovery in the non-FOIA suit that they are currently litigating before another court in this District, which involves similar allegations of misconduct.  See Hardy v. Hamburg, No. 11-1739 (RBW).

addressed the scope of the misconduct exception in a FOIA case where the plaintiff sought

documents from the Commerce Department concerning its involvement in the rejection of a new

". xxx" internet domain for the adult-entertainment industry.  Id. at 131-35.

Similarly, in Judicial Watch of Florida, Inc. v. U.S. Dep't of Justice, 102 F. Supp. 2d 6

(D.D.C. 2000), another court in this District recognized that the exception could be invoked in

FOIA suits and articulated the standard that a party would be required to meet in order to avail

itself of the exception.  See id. at 15-16.  There, the court specifically recognized the

government-misconduct analysis as a separate inquiry from the balancing of interests that may

occur outside of the FOIA context to determine whether the exception should apply.  See id. at

13 n.5.

Finally, in Tax Reform Research Grp. v. IRS, 419 F. Supp. 415 (D.D.C. 1976), a court in

this District refused to permit the government to invoke Exemption 5 and ordered the release of

withheld documents where the documents at issue "simply cannot be construed as being part of

any proper governmental process."  Id. at 426.  There, the withheld documents related to

attempts to use the IRS in a

> "selective and discriminatory fashion against those tax-exempt
> organizations which express opposition to the policies and
> programs of the Administration."  They are no more part of the
> legitimate governmental process intended to be protected by
> Exemption 5 than would be memoranda discussing the possibility
> of using a government agency to deliberately harass an opposition
> political party.

Id. (internal citations omitted); see also Lahr v. Nat'l Transp. Safety Bd., 569 F.3d 964, 980, 982

n.15  (9th Cir. 2009) (addressing applicability of government-misconduct exception to

Exemption 5 in a FOIA suit as a distinct analysis from whether a plaintiff could overcome

Exemption 5 through a balancing of equities).

Consistent with these cases, the Court here finds that the government-misconduct exception may be invoked to overcome the deliberative-process privilege in a FOIA suit. It will now proceed to address Defendant's second argument on the adequacy of Plaintiffs' factual support for their claim that misconduct occurred here. The party seeking release of withheld documents under this exception must "provide an adequate basis for believing that [the documents] would shed light upon government misconduct." Judicial Watch of Florida, Inc., 102 F. Supp. 2d at 15; see also ICM Registry, 538 F. Supp. 2d at 133 ("In this court, the deliberative process privilege has been disregarded in circumstances of extreme government wrongdoing.") (citations omitted); cf. also Tri-State Hosp. Supply Corp. v. United States, 226 F.R.D. 118, 135 (D.D.C. 2005) ("In order to invoke [the government-misconduct] exception [in a non-FOIA case], 'the party seeking discovery must provide an adequate factual basis for believing that the requested discovery would shed light upon government misconduct.'") (quoting Chaplaincy of Full Gospel Churches v. Johnson, 217 F.R.D. 250, 257 (D.D.C. 2003), rev'd in part and vac'd in part on other grounds, In re England, 375 F.3d 1169 (D.C. Cir. 2004)).

Plaintiffs claim that there are two categories of misconduct here. First, they allege government misconduct involving the "improper approval of medical devices that affected public health and safety that was disclosed by the individual Plaintiffs to [the Office of Special Counsel], the Congress and news media." Plfs.' Opp. at 17. Second, they point to government misconduct in the "retaliation against FDA employees for protected whistleblower activity, including targeted warrantless surveillance of the individual Plaintiffs." Id.

To support these theories of misconduct, Plaintiffs have offered two types of factual support. First, they rely on a May 31, 2012, letter from the Office of Special Counsel wherein "OSC concluded: 'that that there is a substantial likelihood that the information you provided

discloses a violation of law, rule, or regulation, gross mismanagement, and a substantial and specific danger to public safety.'" Id. (citing Exh. 1 (May 31, 2012, OSC Letter)).  This conclusion, they claim, was reached following "an extensive, independent review of the individual Plaintiffs' allegations about the FDA's improper approval of medical devices over the course of several months, including reviewing documents and conducting interviews."  Id. Second, Plaintiffs cite numerous declarations they have submitted wherein employees familiar with the underlying facts claim that withheld documents may shed light on government misconduct.  See id. at 21; see also Declaration of Dr. Robert C. Smith, ¶¶ 12, 28, 29, 55, 67-82; Declaration of Dr. Ewa M. Czerska, ¶¶ 4, 13; Declaration of Dr. Julian Nicholas, ¶¶ 4-5, 10, 13-17, 19; Declaration of Cindy Demian Rumer, ¶ 9.

Defendant disputes the sufficiency of the evidence cited by Plaintiffs.  See Def.'s Reply at 12-13.  HHS argues that the OSC letter includes no findings of government misconduct and merely states that the misconduct allegations are under investigation.  See id. at 4, 12.  Additionally, Defendant argues that neither the pending administrative proceedings nor Plaintiffs' separate lawsuit "have made final findings of misconduct, crime, or fraud" to support the government-misconduct exception here.  See id. at 12.

While there is little caselaw to guide the Court on what quantum of evidence must be shown to support the exception, the Court finds that the OSC letter and Plaintiffs' declarations suffice to justify *in camera* review of the documents withheld pursuant to Exemption 5.  The Court, it bears noting, did not weigh the evidence and find release of the documents warranted, only *in camera* review, which is a significantly lower threshold.  See Tri-State Hosp. Supply Corp., 226 F.R.D. at 135-36 (ordering *in camera* review of documents to determine if government-misconduct exception applies); Convertino v. U.S. Dep't of Justice, 674 F. Supp. 2d

97, 104 (D.D.C. 2009) (same).  The Court, accordingly, ordered that Defendant produce the

documents withheld pursuant to this exemption for its review.  <u>See</u> October 15, 2012, Minute

Order. [2]

       Having now reviewed all of the challenged documents *in camera*, the Court finds that

they "do not reflect any governmental impropriety, but rather are 'part of the legitimate

governmental process intended to be protected by Exemption 5.'"  <u>Dema v. I.R.S.</u>, No. 78-3992,

1979 U.S. Dist. LEXIS 9025, at *6 (N.D. Ill. Oct. 22, 1979) (quoting <u>Tax Reform Research</u>

<u>Group v. I.R.S.</u>, 419 F. Supp. 415, 426 (D.D.C. 1976)).  Although "the scope of 'misconduct [has

not] been clearly defined," the Court does not find support for the sort of "extreme government

wrongdoing" that would prevent Defendant from invoking the deliberative-process privilege

here.  <u>ICM Registry</u>, 538 F. Supp. 2d at 133.

       In fact, the <u>ICM Registry</u> court recognized the need to apply the exception narrowly,

because

> [i]f every hint of marginal misconduct sufficed to erase the
> privilege, the exception would swallow the rule.  In the rare cases
> that have actually applied the exception, the "policy discussions"
> sought to be protected with the deliberative process privilege were
> so out of bounds that merely discussing them was evidence of a
> serious breach of the responsibilities of representative government.
> The very discussion, in other words, was an act of government
> misconduct, and the deliberative process privilege disappeared.

<u>Id.</u>

       The withheld documents reviewed by the Court here do not approach the level of

misconduct contemplated by these cases with respect to either improper approval of medical

---

[2] The Court reviewed the following documents:  2656-57; 2666-70; 2831; 2856; 2873-74; 2877; 2878; 2881-83; 2908-09; OGCpart2-15; OGCpart2-36-42; OGCpart2-94-96; OGCpart2-232; OGCpart2-236; OGCpart2-416; OGCpart2-460-66; OGCpart2-479-80; OGCpart2-501-02; OGCpart2-503-09; OGCpart2-646-47; OGCpart2-856-65; OGCpart2-933-35; OGCpart2-1080-81; OGCpart2-1086; OGCpart2-1114; OGCpart2-1121-23; OGCpart2-2173-2200; OGCpart2-2221-2413; OGCpart2-2415-42; OGCpart2-2541-47; OGCpart2-2651-78; OGCpart2-2934-95; EC60-61; EC423-25; JN38-49; JN57-66; JN71-74; JN76-85; JN86; JN99-102; JN130-31; JN133-34; JN229-30; JN231; JN456-57; Doc_#1_NWC_Request; Doc_#2_NWC_Request; and Doc_#3_NWC_Request.

devices or retaliation against FDA employees.  See also  Walker v. City of New York, No. 98-

467, 1998 WL 391935, at *1 (S.D.N.Y. July 13, 1998) (upon reviewing documents, court

determined that documents contained no indication of alleged wrongdoing, such that

government-misconduct exception did not apply).  Instead, documents here involve the typical

deliberations that the Court would expect of government actors and do not evince the sort of

corrupt decision-making process that would support an exception to Exemption 5.  The Court, it

should be stressed, makes no determination as to the ultimate question of the lawfulness of

Defendant's actions; it merely finds that the misconduct necessary to supersede the deliberative-

process privilege of Exemption 5 is not present in the reviewed documents.

> b.     Factual Material

Plaintiffs also argue that Defendant improperly withheld factual information that is not

protected by Exemption 5.  See Pls.' Opp. at 15-16.  Defendant responds that any such

withholdings were appropriate under the deliberative-process privilege, the attorney-client

privilege, and the attorney work-product privilege.  See Def.'s Reply at 13-16. With respect to

the deliberative-process privilege, Defendant argues that factual information was "so thoroughly

integrated with deliberative material that its disclosure would expose or cause harm to the

agency's deliberations."  Id. at 13.  Additionally, it maintains that the "attorney-client privilege

protects confidential facts communicated by the client to the attorney for the purpose of

obtaining legal advice," and the attorney work-product doctrine "simply does not distinguish

between factual and deliberative material."  Id. at 15 (internal quotation marks and citation

omitted).  Because the different privileges asserted by Defendant under Exemption 5 require

distinct analyses, the Court will address each separately.

First, as to any documents withheld under the attorney work-product doctrine, no showing of segregation of factual material is required.  See Judicial Watch, Inc. v. Dep't of Justice, 432 F.3d 366, 371 (D.C. Cir. 2005) (reiterating Circuit's position that work-product doctrine does not "distinguish between factual and deliberative material").  This covers the following documents challenged by Plaintiffs: 2881-83, OGCpart2-36-42, and OGCpart2-460-66.  See Plf.'s Opp. at 16 and Vaughn Index.

Second, as to the documents withheld pursuant to either the deliberative-process or attorney-client privilege (or both), an agency must "disclose all reasonably segregable, nonexempt portions of the requested record(s)."  Roth v. U.S. Dep't. of Justice, 642 F.3d 1161, 1167 (D.C. Cir. 2011) (quoting Assassination Archives & Research Ctr. v. CIA, 334 F.3d 55, 57-58 (D.C. Cir. 2003)) (internal quotation marks omitted); see also Brinton v. U.S. Dep't of State, 476 F. Supp. 535, 541 (D.D.C. 1979).  These privileges cover the following documents challenged by Plaintiffs: 2666-70, 2873-74, 2877, 2878, OGCpart2-232, OGCpart2-501-02, OGCpart2-646-47, OGCpart2-933-35, OGCpart2-1086, OGCpart2-1114, OGCpart2-2173-2200, OGCpart2-2221-2413, OGCpart2-2651-78, EC60-61, JN38-49, JN57-66, JN229-30, and JN456-57.  See Plf.'s Opp. at 16 and Vaughn Index.

It is the government's burden to demonstrate that no reasonably segregable material exists in such documents.  See Army Times Publ'g Co. v. Dep't of Air Force, 998 F.2d 1067, 1068 (D.C. Cir. 1993).  The government must "provide[ ] a 'detailed justification' and not just 'conclusory statements' to demonstrate that all reasonably segregable material has been released."  Valfells v. CIA, 717 F. Supp. 2d 110, 120 (D.D.C. 2010) (internal quotation marks omitted); see also Armstrong v. Exec. Office of the President, 97 F.3d 575, 578 (D.C. Cir. 1996) (determining government affidavits explained non-segregability of documents with "reasonable

specificity"). "Reasonable specificity" can be established through a "combination of the Vaughn

index and [agency] affidavits." Johnson v. Exec. Office for U.S. Attorneys, 310 F.3d 771, 776

(D.C. Cir. 2002).

A Vaughn index will be enough where "the agency has sufficiently explained why there

was no reasonable means of segregating factual material from the claimed privileged material."

Wilderness Soc'y v. U.S. Dep't of Interior, 344 F. Supp. 2d 1, 18 (D.D.C. 2004). "[A] blanket

declaration that all facts are so intertwined," conversely, is not sufficient to meet this burden. Id.

at 19. Defendant here submits a declaration explaining its process for withholding documents:

> For all records at issue in this case, all reasonably segregable, non-
> exempt information has been released. The OGC records that were
> withheld in their entirety consisted primarily of (1) drafts of
> documents before they were finalized; (2) OGC-generated
> documents to assist agency attorneys in preparing for litigation
> with the individual plaintiffs; and (3) internal FDA documents
> concerning pending device reviews of manufacturers' devices or
> FDA's subcontractor's recommendations to FDA about the alleged
> hostile work environment at CDRH. For records withheld in their
> entirety, there was no reasonably segregable material or non-
> exempt information amounted to essentially meaningless words
> and phrases.

Eckert Decl., ¶ 32. This declaration provides a sufficient explanation; however, even if it fell

short, the Court has independently reviewed the documents *in camera* for the government-

misconduct analysis above and is satisfied that Defendant complied with its duty to segregate

exempt from non-exempt information in the records withheld or redacted under Exemption 5.

B. Request for Additional Discovery

Under Federal Rule of Civil Procedure 56(d), a court may deny a motion for summary

judgment or order a continuance to permit discovery if the party opposing the motion adequately

explains why, at that point in time, it cannot present by affidavit facts needed to defeat the

motion. See Strang v. United States Arms Control & Disarmament Agency, 864 F.2d 859, 861

(D.C. Cir. 1989).  Rule 56(d) is "intended to prevent railroading a non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery."  Milligan v. Clinton, 266 F.R.D. 17, 18 (D.D.C. 2010) (citations omitted).

Here, Plaintiffs separately move for discovery, claiming that "[a]dditional information is needed by way of discovery to support Plaintiffs' challenge to the Agency's withholdings on the basis of Exemption 5 due to the government misconduct exception."  Plfs.' Opp. at 4; see also id. at 14 ("discovery is needed to rebut Defendants' declarations and to challenge the assertion of Exemption 5 pursuant to the government misconduct exception").

In this case, however, Plaintiffs have essentially obtained the discovery they sought because the Court agreed to conduct *in camera* review.  In other words, Plaintiffs wished to rebut the government-misconduct exception, and the Court accepted that, without discovery, they had articulated a sufficient factual basis to warrant *in camera* review.  Having obtained that review, there is nothing else discovery could offer them.  See Ajluni v. F.B.I., 947 F. Supp. 599, 608 (N.D.N.Y. 1996) (no further discovery warranted where court reviewed documents *in camera* and determined that exemptions were appropriately applied); see also Laborers' Int'l Union of North America v. U.S. Dep't of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984) (district court's decision to curtail discovery appropriate where it ordered *in camera* review of document in question).  Plaintiffs' Motion will thus be denied.

**IV.**     **Conclusion**

For the foregoing reasons, the Court will issue a contemporaneous Order granting

Defendant's Partial Motion for Summary Judgment and denying Plaintiffs' Cross-Motion for

Discovery.


                                        */s/ James E. Boasberg*
                                        JAMES E. BOASBERG
                                        United States District Judge

Date:  November 9, 2012