UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL WHISTLEBLOWER CENTER**, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DEPARTMENT OF HEALTH AND HUMAN SERVICES**, *et al.*, <br><br> **Defendants.** | Civil Action No. 10-2120 (JEB) |

## MEMORANDUM OPINION AND ORDER

Since the filing of this Freedom of Information Act case over two years ago, this Court has resolved a number of disputes between Plaintiffs – the National Whistleblower Center (NWC) and six current and former employees of the Department of Health and Human Services – and Defendant HHS about access to records relating to the individuals' employment with that Agency. Now before the Court is HHS's Motion to Seal an exhibit submitted by Plaintiffs in the briefing of an earlier motion. Specifically, HHS requests that the exhibit be sealed so the public cannot access confidential commercial information concerning unapproved and uncleared medical devices. NWC responds that HHS cannot overcome the strong presumption in favor of public access to judicial proceedings, particularly since the factors a court must consider in making such determinations weigh in favor of disclosure. The Court agrees.

**I.     Background**

Because the Court has previously set forth the facts of the underlying FOIA disputes in prior decisions, it will limit its discussion of the facts here to those that directly pertain to this Motion. See, e.g., Nat'l Whistleblower Ctr. v. Dep't of Health and Human Servs., --- F. Supp.

1

2d ---, 2012 WL 5463662 (D.D.C. Nov. 9, 2012); Nat'l Whistleblower Ctr. v. Dep't of Health and Human Servs., 849 F. Supp. 2d 13 (D.D.C. 2012); Nat'l Whistleblower Ctr. v. Dep't of Health and Human Servs., 839 F. Supp. 2d 40 (D.D.C. 2012).

Plaintiffs filed a Motion for Preliminary Injunction regarding access to specific records on May 30, 2012. See ECF No. 95. In their briefing, they challenged representations by the Food and Drug Administration about "what it knows, where it is, and what it has access to." See ECF No. 106 (Pls.' PI Reply) at 4. These concerns stemmed, in part, from an FDA researcher's inadvertent discovery of a collection of responsive records on the internet that the Agency had not produced. See id. at 2.

These internet records relate to what Plaintiffs describe as a "surveillance program," whereby the FDA "searched, culled, organized, digitized, bate stamped, and fully and completely indexed a cache of approximately 80,000 pages of records." Id. This cache of records was

> separated into 67 files, ranging from several hundred pages to over two thousand pages each. Each file had a corresponding index. Each index was in the form of a spreadsheet. Every line in the spreadsheet noted which file an intercepted document could [be] found in, a description of the intercepted document, the exact bate stamped page where it could be located, and what appears to be a computerized hash tag.

Id. Plaintiffs appended the first page of each of the 67 separately indexed surveillance files as an exhibit to their Reply to show the extent of data contained in the cache. See id., Exh. 1 (Sample Surveillance Indexes).

This exhibit has been available to the public through the Public Access to Court Electronic Records (PACER) service from the filing of Plaintiffs' Reply on July 19, 2012. See ECF No. 106. Additionally, prior to filing the exhibit, NWC downloaded these web pages and "distributed the Logs [indices] to the public and members of the media. The Center also

distributed the Logs to the office of U.S. Senator Charles E. Grassley, and, at their formal request, the Committee on Oversight and Government Reform." Opp. at 2. Defendant filed the present Motion to Seal this exhibit three months later, on October 10, 2012, which the Court now considers.

**II.    Analysis**

In this Circuit, when evaluating whether to seal case pleadings, "the starting point . . . is a 'strong presumption in favor of public access to judicial proceedings.'" EEOC v. Nat'l Children's Ctr., 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting Johnson v. Greater Se. Cmty. Hosp. Corp., 951 F.2d 1268, 1277 (D.C. Cir. 1991)). The D.C. Circuit has established a six-factor balancing test to guide courts faced with a motion to seal or unseal judicial records. See United States v. Hubbard, 650 F.2d 293, 317-22 (D.C. Cir. 1980). The Hubbard factors balance the public interest in access against the privacy interest in nondisclosure. See id. These factors include:

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

Johnson, 951 F.2d at 1277 n.14 (citing Hubbard, 650 F.2d at 317-22). HHS, as the proponent of the Motion to Seal, must demonstrate that these six factors, in totality, overcome the strong presumption in favor of public access. See United States v. ISS Marine Servs., Inc., No. 12-481, 2012 WL 5873682, at *15 (D.D.C. Nov. 21, 2012) (citing Nat'l Children's Ctr., 98 F.3d at 1409).

In its exceptionally brief one-page Motion, HHS makes no reference to the law governing the relief it seeks, merely stating that the exhibit "contains confidential information that cannot be publicly disclosed, including information exempt from public disclosure by the FDA under (b)(4) of the Freedom of Information Act and the Federal Food, Drug, and Cosmetic Act." See Mot. at 1 (internal citations omitted). The Court notes that this Motion, like the "cursory" motion in Kline v. Williams, No. 05-1102, 2012 WL 1431377 (D.D.C. Apr. 25, 2012), is "woefully insufficient to overcome the strong presumption in favor of public access to judicial proceedings." Id. at *1; see also U.S. v. Thomas, 840 F. Supp. 2d 1, 4 (D.D.C. 2011) ("The court finds Defendant's conclusory assertion unavailing. Defendant offers no authority for the proposition that there is 'no need' for the public to have access to the consent judgment; nor does he address the standard articulated by the court in Friedman."). NWC's Opposition, in contrast, sets forth the six-factor test and contends that the factors "militate[] against sealing." Id. at 1.

For the first time in its Reply, HHS provides some information as to the confidential information it seeks to protect, as well as an analysis of the Hubbard factors, which it concludes favor sealing the logs. See Reply at 3-5. NWC was granted leave to file a surreply (which it calls a sur-rebuttal), in which it maintains that the "confidential business information" HHS seeks "to protect is already in the public record, either directly or inferentially," and thus does not merit the protections HHS desires. Sur-rebuttal at 4.

The Court will now apply each of the six factors listed above to the exhibit, which, to repeat, consists only of the first pages of the 67 logs.

    A.    <u>Need for Public Access</u>

NWC first contends that there is a strong need for public access. See Opp. at 6-8. It maintains that this factor weighs in favor of disclosure where 1) the government is a party; 2) the

"circumstances of the specific litigation" favor disclosure, including the federal government's alleged "'continued breach of substantial trust responsibilities'" and possible breach of fundamental privacy rights; and 3) "there already exists extraordinary public interest" in these documents, as demonstrated by the extensive news coverage that they have received. See id. HHS counters that there is no public interest in the logs where the "confidential commercial information has no relation to any claims against the government in this or any other case." See Reply at 4. NWC has the better of this argument.

It is not NWC's obligation to proffer a need for public access; instead, the burden is on HHS to demonstrate its absence because the law presumes that the public is entitled to know the contents of judicial proceedings. See Hubbard, 650 F.2d at 314-15. HHS has not met this burden. The Agency attempts to circumscribe the interest here far too narrowly, discussing only the public's interest in the commercial information itself. But, as NWC correctly points out, there is a significant public interest in HHS's allegedly improper approval of medical devices and surveillance of its employees. This factor thus weighs in favor of keeping the logs unsealed.

      B.      Extent of Previous Public Access

Previous public access to the sealed filings "'may weigh in favor of subsequent [public] access.'" Friedman v. Sebelius, 672 F. Supp. 2d 54, 58 (D.D.C. 2009) (quoting Hubbard, 650 F.2d at 318). NWC maintains that this factor weighs against sealing where the exhibit has been available on the public docket for three months before HHS moved to seal the record. See Opp. at 8-9; see also In re Buhler-Miko, No. 10-1043, 2011 WL 612065, at *1 (Bankr. D.D.C. Feb. 11, 2011) (previous public access to documents weighed against party seeking to seal, where hearing was open to public and motion was available on court's docket for more than three months). NWC notes that in addition to being on the public docket, these documents were

"available on a public website from early May 2012 through July 14, 2012," and "[m]any entities" – including "the New York Times, the National Whistleblowers Center, Senator Charles Grassley's office, and the House Committee on Oversight and Government Reform" – "already have full copies of the Surveillance Cache." Opp. at 9. HHS contends that the prior public access to the logs was "unofficial and has since been restrained," and that "[a]s soon as FDA was aware of the Log's online availability, the agency quickly intervened" to have the information removed; accordingly, the documents should be afforded a stronger presumption of privacy. See Reply at 5.

HHS cites no caselaw suggesting that prior public access should be disregarded where the documents were inadvertently made available; as a result, the Court agrees with NWC that the substantial period of time that the documents were available publicly – and the dissemination of the cache to various entities, including major news sources – militates in favor of disclosure.

    C.    <u>Objection to Disclosure</u>

"[T]he fact that a party moves to seal the record weighs in favor of the party's motion." <u>Zapp v. Zhenli Ye Gon</u>, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). A court may also consider, however, "whether any party has argued in favor of continued disclosure." <u>Upshaw v. United States</u>, 754 F. Supp. 2d 24, 29 n.1 (D.D.C. 2010). Because the parties here are split on disclosure – HHS moved to seal, NWC opposes, and the individual Plaintiffs take no position – the Court finds that this factor does not weigh in either party's favor. The Court notes, however, that none of the entities whose commercial information has been disclosed – the entities that would be harmed, according to HHS – has filed any objections to the logs' remaining publicly available.

D.  Strength of Interests Asserted

HHS contends that "legitimate private and governmental interests could be harmed by the release of the confidential commercial information contained in the Log," including "competitive harm" to companies whose competitors would be alerted about "new devices under the FDA review." Reply at 5. As an alternative to sealing the exhibit, HHS maintains that the exhibit could be redacted to "withhold such information, including device names, descriptors, and submission numbers." Id. at 4. NWC disputes that any of the material HHS seeks to prevent from disclosure is even confidential business information, as the information is "already in the public record, either directly or inferentially." Sur-rebuttal at 4. NWC then provides a detailed explanation of why the specific redactions sought by HHS are unnecessary – *e.g.*, because a particular device is already cleared or information is otherwise available about the device on the FDA's website. See id. at 4-8.

Without addressing each specific redaction suggested by HHS, the Court finds that the agency has not demonstrated a property or privacy interest sufficient to override the presumption in favor of public access. The agency's generalized claims of competitive harm here are insufficient, so this factor, too, weighs in favor of disclosure.

E.  Possibility of Prejudice

The possibility of prejudice refers to "whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." Friedman, 672 F. Supp. 2d at 60 (citing Hubbard, 650 F.2d at 320-21). HHS maintains that disclosure may "compromise FDA's device review process by making companies less willing to provide FDA the information necessary for the agency to determine if devices are safe and effective," and it may expose the FDA to lawsuits for such disclosures. Reply at 5. NWC contends that "[a]ny prejudice to the

7

FDA would seem to come not from the Log Exhibit, but from the publication of the Surveillance Cache as a whole." Opp. at 11.  This makes sense.  The prejudice HHS identifies results from the inadvertent disclosure of the cache on the internet in the first place, not by the particular exhibit's remaining in the public domain.  The Court thus resolves this factor in favor of leaving the exhibit unsealed.

   F. Purposes for Which Documents Were Introduced

NWC contends that because the logs "were referenced in open court, in this Court's Order, and were relied upon by Plaintiffs, there is a strong presumption against sealing." Opp. at 12 (internal quotation marks omitted).  HHS makes no mention of this factor.  Consequently, the Court cannot find that the Agency has carried its burden to show that this factor weighs in favor of sealing the log.

In sum, none of the Hubbard factors weighs strongly in favor of sealing the exhibit; on the contrary, they overwhelmingly favor allowing the logs to remain unsealed.  Given these factors and the strong presumption in favor of public access, the exhibit may remain on the public record.

**III.** **Conclusion**

For the foregoing reasons, the Court ORDERS that Defendant's Motion to Seal is DENIED.

IT IS SO ORDERED.

                */s/ James E. Boasberg*
                JAMES E. BOASBERG
                United States District Judge

Date: January 3, 2013