## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WHISTLEBLOWER CENTER, ET AL., | ) ) ) |
| **Plaintiffs** | ) ) |
| v. | )      Civ. Action No. 1:10-cv-2120 ) |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL., | ) ) ) |
| **Defendants.** | ) ) |

## JOINT REPORT REGARDING SCOPE OF SEARCH FOR RESPONSIVE RECORDS

National Whistleblower Center, *et al.*, ("Plaintiffs") and the Department of Health and Human Services, *et al.*, ("Defendants" OR "HHS"), in accordance with the Court's Minute Order of November 19, 2012, hereby file this Joint Report Regarding the Scope of Search for Records of the United States Food and Drug Administration ("FDA"), Center for Devices and Radiological Health ("CDRH").

On December 19, 2012, Defendant FDA sent Plaintiffs a copy of Defendants' most recent version of the scope of search requests for Plaintiffs to review and revise.  On January 11, 2013, the parties conferred telephonically regarding issues concerning the scope of the search.  On January 14, 2012, Plaintiffs provided Defendants with their revised scope of search requests. The parties, however, were unable to agree upon the scope of the search which will be undertaken.

## PLAINTIFFS' REPORT

Plaintiffs believe that the parties should be able to narrow their differences concerning the Scope Agreement prior to the status conference.  Given the complexity of reviewing the

approximately 80,000 pages of documents the FDA published on-line, along with additional

information plaintiffs have learned about the FDA's surveillance program, the process of

re-formulating the Scope proposal was more difficult then expected. Additionally, based on the

FDA's on-line publication of documents, and the ongoing investigations into the FDA

surveillance program, it appears that documents outside of CDRH that were responsive to the

original requests may not have been produced.  The revised Scope Agreement proposed to the

agency should reduce the record-production burden on the agency.

<u>**DEFENDANT'S REPORT**</u>

Defendant United States Food and Drug Administration reasserts the facts set forth in its

Motion for Order Regarding Scope of Search for Responsive Records ("Motion for Order").

ECF No. 93.  Exhibit 1 to the Motion for Order (ECF No. 94), through which FDA proposed to

narrow Plaintiffs' FOIA requests (2010-5769, 2010-7572, 2010-7574, and 2010-8650,

collectively, the "Requests") as to CDRH's to eight records categories, is, however, now

outdated.  Since its filing, Plaintiffs have received all or most of the records outlined in Exhibit 1.

Specifically, on August 15 and 24, 2012, CDRH produced approximately 2,000 pages of

monitoring records responsive to the Requests.  *See* Order, ECF No. 107.  Plaintiffs have also

obtained approximately 80,000 pages of other records related to their Requests since Defendant

filed the Motion for Order.  *See id.* at 2.

At the last status conference held on November 19, 2012, the parties agreed to negotiate

the remaining scope of the Requests as to CDRH in preparation for filing this joint status report,

and Plaintiffs agreed to provide to FDA by January 14, 2013, any and all objections to the

records produced by FDA to date (specifically, records produced by FDA's Office of the Chief

Counsel, Office of Scientific Integrity, Office of the Executive Secretary, and CDRH).

On December 17, 2012, and again on January 9, 2013, Defendant asked Plaintiffs to propose narrowed scope terms for their Requests as to CDRH.  The morning of this filing, January 14, 2013, Plaintiffs finally sent FDA draft revised scope terms in a document that outlines twelve records categories ("Plaintiffs' Revised Scope").  FDA is considering the records categories that appear to be responsive to the Requests and those categories previously described in Exhibit 1.  The other records categories, however, are excessively broad in scope – in fact, not only are they broader than any of the scope agreements the parties previously tried to negotiate, but they also seek more records than Plaintiffs' original FOIA requests.  For example, Plaintiffs' Revised Scope seeks records from FDA and HHS components other than CDRH; documents that CDRH has already produced to Plaintiffs or that are otherwise in their possession; records that are responsive to other pending FOIA requests that are not the subject of this litigation; overlapping and confusing records categories; and records that did not exist at the time the Requests were submitted or at the time they rose to the top of CDRH's Complex Queue in April 2012.  Plaintiffs' Revised Scope even prospectively seeks records that presently do not exist. Plaintiffs have had ample time to narrow the scope of their Requests as to CDRH, including six months of negotiations prior to the filing of Defendant's Motion for Order and eight months since the Requests rose to the top of CDRH's Complex Queue.  Rather than use this time to narrow the scope of their Requests, Plaintiffs have done just the opposite.  Using leads found in previous productions, Plaintiffs inappropriately continue to expand the scope of the Requests. *See Callaway v. Dep't of Treasury*, 824 F. Supp. 2d 153, 161 n.11 (D.D.C. 2011) ("Plaintiff cannot now expand the scope of [its] original FOIA request[s.]"); *see also Kowalczyk v. Dep't of*

*Justice*, 73 F.3d 386 (D.C. Cir. 1996) ("[I]f the requester discovers leads in the documents he receives from the agency, he may pursue those leads through a second FOIA request.").

Also, Plaintiffs have not provided to FDA any objections to the records the agency has released to date (from FDA's Office of the Chief Counsel, Office of Scientific Integrity, Office of the Executive Secretary, and CDRH).  With the exception of CDRH's August 2012 production, Plaintiffs have had since or before May 2011, well over a year and a half, to present any challenges to FDA pursuant to the Joint Motion to Stay Briefing that the Court entered.  *See* ECF No. 77 at 2 & Minute Order dated 12/22/2011.  Defendant therefore requests that Plaintiff provide to FDA a list of all challenged redactions and withholdings to FDA's records productions (including FDA's Office of the Chief Counsel, Office of Scientific Integrity, Office of the Executive Secretary, and CDRH) by March 4, 2013, after which time Defendant proposes that any unasserted objections should be deemed waived.  Consistent with the parties' handling of earlier challenges in this case, all objections should be specifically linked to particular redactions or withholdings to enable the agency to meaningfully respond.

Separately, FDA has located additional records from the Office of Executive Secretary that are responsive to Plaintiffs' Requests, although some portions of these records are duplicates of records that FDA has already produced to Plaintiffs.  FDA is currently reviewing and redacting these records, and will produce these records to Plaintiffs no later than February 28, 2013.  Defendant requests that Plaintiffs provide any objections to FDA's redactions and withholdings of these records within thirty (30) days thereafter, no later than March 30, 2013.

Respectfully submitted,


_/s/ Stephen M. Kohn_ _____
Stephen M. Kohn
D.C. Bar No. 411513
Kohn, Kohn, Colapinto, LLP
3233 P Street, N.W.
Washington, D.C.  20007
Phone:  202-342-6980
Fax:  202-342-6984
Attorney for Plaintiffs

RONALD C. MACHEN, JR.
D.C. Bar No. 447889
United States Attorney

DANIEL F. VANHORN
D.C. Bar No. 924092
Chief, Civil Division

By:     _/s/ Marian L. Borum_ _____
        MARIAN L. BORUM
        D.C. Bar No. 435409
        Assistant United States Attorney
        555 Fourth Street, N.W.
        Washington, D.C.  20530
        Tel: 202-514-6531
        Fax: 202-514-8780
        Email:  Marian.L.Borum@usdoj.gov
        Attorneys for Defendants