UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WHISTLEBLOWER ) <br> CENTER, ET AL., ) <br> ) <br>     **Plaintiffs** ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF HEALTH AND ) <br> HUMAN SERVICES, ET AL., ) <br> ) <br>     **Defendants** ) <br> _____) | Civ. Action No. 1:10-cv-2120-JEB |

### MOTION FOR STATUS CONFERENCE

Defendant, United States Food and Drug Administration ("FDA"), by and through undersigned counsel, respectfully moves this Court to convene a status conference at the Court's convenience. In light of recent developments regarding the representation of Plaintiffs,[1] Defendant requests the opportunity to confer with the Court.

The instant Freedom of Information Act ("FOIA") case as well as other cases involving the individual plaintiffs are currently the subject of global settlement negotiations. On August 26, 2014, undersigned counsel received an e-mail from Plaintiffs' counsel of record indicating that he was representing the National Whistleblower Center, but recommended sending all information regarding the FOIA case to "the FDA group's new counsel." The "FDA group's" new counsel was subsequently identified as Timothy Cheng of the Alden Law Firm. On September 4, 2014, undersigned counsel spoke to Plaintiffs' counsel of record regarding the representation of the "FDA group" of Plaintiffs. Undersigned counsel and FDA counsel also

---

[1] While there are seven Plaintiffs in this case, the Plaintiffs involved in the portion of the remaining FOIA litigation involving FDA are: The National Whistleblower Center ("NWC"), and Ewa Czerska, Julian Nicholas, and Robert Smith (collectively, "the individual plaintiffs"). To date, Stephen Kohn is the attorney of record for all seven Plaintiffs.

spoke to Mr. Cheng. During the telephone conferences, Plaintiffs' counsel of record confirmed that he had settlement authority only on behalf of NWC.[2] Mr. Cheng indicated that he had authority to represent the individual plaintiffs in cases which are the subject of settlement negotiations with the Department of Health and Human Services ("HHS") and FDA, and that he had authority to settle this FOIA case as part of a global settlement. Neither Mr. Cheng nor any other lawyer from the Alden Law Firm, however, has entered an appearance on behalf of the individual plaintiffs in this matter.

During a September 10, 2014, telephone conference with government counsel, Plaintiffs' counsel of record reaffirmed that he could only negotiate on behalf of NWC, and the individual plaintiffs were being represented, for settlement purposes, by the Alden Firm.

On September 24, 2014, the parties to the instant case filed a joint motion for an enlargement of time in order to continue settlement discussions. ECF No. 133. The government hoped that Plaintiffs would confirm counsels' assertion about representation shortly thereafter by having their counsel file the appropriate notices of appearance and/or withdrawals with the Court. *See* Local Civil Rule 83.6 (a), (b). However, to date, no such documents have been filed.

Most recently, on October 29, 2014, undersigned counsel received an e-mail from Mr. Cheng indicating that the Alden Law Firm will not substitute as counsel or make an appearance in this case, but that it has authority to negotiate a global settlement on behalf of the individual plaintiffs which would include this FOIA matter. The next day, undersigned counsel received an e-mail from Kristin Alden of the Alden Law Firm, stating, "[o]ur clients recognize the value of a global settlement and although our firm is not making an appearance in federal court, we

---

[2] NWC is not a party to the global settlement discussions.

2

encourage DHHS and DOJ to work with us towards a global settlement and, in turn, we will work with DHHS, DOJ and the courts to effectuate the full terms of the waivers and withdrawals."

In view of the above-described circumstances, the government respectfully requests a status conference to clarify representation of all of the Plaintiffs in the instant FOIA case. The government is unable to settle this case or negotiate a briefing schedule with Plaintiffs' counsel of record so long as he asserts that he only has the ability to negotiate on behalf of one of the plaintiffs. On the other hand, the government is reluctant to negotiate for settlement or a briefing schedule on behalf of the individual plaintiffs with the Alden Group given that no attorney from that firm has entered an appearance in this case.

Pursuant to Local Rule 7(m), undersigned counsel contacted Plaintiffs' counsel of record to ascertain his position on the filing of this motion. Plaintiffs' counsel takes no position on the filing of this motion.

For the reasons cited above, Defendant respectfully requests that Defendant's Motion for Status Conference be granted.

An Order granting the relief sought is attached hereto.

Respectfully submitted,

RONALD C. MACHEN, JR.
D.C. Bar No. 447889
United States Attorney

DANIEL F. VANHORN
D.C. Bar No. 924092
Chief, Civil Division

By: */s/ Marian L. Borum*
MARIAN L. BORUM
D.C. Bar No. 435409
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Tel: 202-252-2510
Fax: 202-252-2599
Email: Marian.L.Borum@usdoj.gov
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that, on this 20th day of November, 2014, the foregoing, and the attached Order, were sent via the Court's Electronic Filing System to Plaintiffs' counsel of record:

Stephen M. Kohn
Kohn, Kohn, Colapinto, LLP
3233 P Street, N.W.
Washington, D.C. 20007

                                            */s/ Marian L. Borum*
                                            MARIAN L. BORUM
                                            Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NATIONAL WHISTLEBLOWER CENTER, ET AL.,**   ) ) ) **Plaintiffs**   ) ) **v.**   ) ) **DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL.,**   ) ) ) **Defendants**   ) _____) | Civ. Action No. 1:10-cv-2120 (JEB) |

**[PROPOSED] ORDER**

Upon consideration of Defendant's Motion for Status Conference, and the entire record herein, it is this _____ day of _____, 2014,

**ORDERED** that a status conference is set for _____ in Courtroom _____.

_____
JAMES E. BOASBERG
UNITED STATES DISTRICT JUDGE